UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KANCHANA KARUNARATNE, an individual; CARLA KARUNARATNE, an individual,

Plaintiffs,

v.

US BANK NATIONAL ASSOCIATION; OCWEN LOAN SERVICING, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; WESTERN PROGRESSIVE, LLC; AND DOES 1 THROUGH 10, INCLUSIVE,

Defendants.

Case No.: 16-cv-843-JLS-KSC

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE of CIVIL PROCEDURE 12(b)(6)**

(ECF No. 9)

Presently before the Court is Defendants U.S. Bank National Association's, Ocwen Loan Servicing, LLC's, and Mortgage Electronic Registration Systems, Inc.'s (together, "Defendants") Motion to Dismiss ("MTD"). (ECF No. 9.) Also before the Court is Defendants' Request for Judicial Notice in Support of Motion to Dismiss ("RJN"). (ECF No. 10.) Having considered the parties' arguments and the law, the Court hereby **GRANTS** both Defendants' RJN and Defendants' MTD.

/ / /

/ / /

## BACKGROUND

Plaintiffs reside in Escondido California and own real property at 1827 Almagro Lane, Escondido, California 92026 (the "Escondido Property"). (First Amended Complaint ("FAC") ¶¶ 1–2.) In May of 2005, Plaintiffs obtained a mortgage loan ("the Loan") from GreenPoint Mortgage Funding, Inc., in the principal sum of $635,200.00. (*See* FAC ¶¶ 13–14.) The Loan was reflected in a promissory note which was in turn secured by a Deed of Trust encumbering the Escondido Property. (*See id.*) The beneficial interest under the Deed of Trust was subsequently assigned to U.S. Bank as trustee for the CertificateHolders of the Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-A6. (*See* FAC ¶ 15; RJN Ex. 2.)

Various aspects of the Deed of Trust are governed by a Pooling and Servicing Agreement ("PSA"), *Pooling and Servicing Agreement*, SEC.GOV (Aug. 1, 2005), https://www.sec.gov/Archives/edgar/data/1338909/000088237705002597/d370128.htm, that, in part, set August 30, 2005 as the closing date for the Trust. (PSA art. I; *see* FAC ¶¶ 18, 22–23, 26.) The PSA further stipulates that the agreement and all relevant certificates shall be governed by New York law, (PSA § 10.06), and requires any conveyance of a mortgage loan to include a valid Mortgage Note showing a complete chain of endorsement from the mortgage originator to the last endorsee, (*see* FAC ¶ 26; PSA § 2.01).

On April 14, 2008 Plaintiffs filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of California. (RJN Exs. 3, 6.) Plaintiffs obtained a Chapter 7 discharge on July 14, 2008, and the Bankruptcy was terminated on July 17, 2008. (*See id.* Ex. 3.)

Some years later, Plaintiff defaulted on approximately $259,592.23 worth of payments due on the Loan, and a Notice of Default and Election to Sell Under Deed of Trust was recorded against the property on October 23, 2015. (*See* FAC ¶ 16; RJN 4.) Plaintiffs failed to cure the default, and a Notice of Trustee's Sale was recorded against the Property on March 4, 2016. (*See* FAC ¶ 94; RJN 5.)

On February 17, 2016, Plaintiffs commenced this action by filing the Complaint in San Diego County Superior Court. (*See* Notice of Removal of Action Under 28 U.S.C. § 1441(b), ECF No. 1.) Defendants removed the action to this Court on April 8, 2016, (*id.*), and on April 15, 2016 filed a Motion to Dismiss (ECF No. 4). Plaintiff filed the FAC on May 5, 2016 and several days later the Court denied as moot Defendant's initial MTD (ECF No. 8), thus setting the stage for Defendant's instant MTD (ECF No. 9).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent


with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

## ANALYSIS

### I.      Request for Judicial Notice

Although within the context of a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) a Court generally may not consider matters outside of the pleadings, *see* Fed. R. Civ. P. 12(d), it is nonetheless "appropriate for the Court to take notice of 'relevant facts obtained from the public record . . . .'" *See Papasan*, 478 U.S. at 298; *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132–33 (9th Cir. 2012) (noting that a court may "take judicial notice of undisputed matters of public record" and that "documents not attached to a complaint may be considered if no party questions their authenticity and the complaint relies on those documents" (citing *Lee v. City of L.A.*, 250 F.3d 668, 688, 689 (9th Cir. 2001)).

Defendants move the Court to take judicial notice of seven exhibits in support of their MTD: (1) the Deed of Trust recorded in the Official Records of San Diego County, California; (2) the Assignment of Deed of Trust recorded in the Official Records of San Diego County, California; (3) the PACER Docket for Plaintiffs' bankruptcy proceeding; (4) the Notice of Default recorded in the Official Records of San Diego County, California; (5) the Notice of Trustee's Sale recorded in the Official Records of San Diego County, California; (6) the Bankruptcy Schedules Plaintiffs filed in the relevant bankruptcy proceedings; and (7) the PSA document on file with the SEC. (RJN 1–2; MTD 5 n.1.) Plaintiffs do not oppose Defendants' requests. The Court finds that each document is

///

properly judicially noticed.  Accordingly, the Court **GRANTS** Defendants' requests for judicial notice.

## II.     MTD

Plaintiffs assert seven claims for relief: (1) Wrongful Foreclosure; (2) violation of California Civil Code § 2924(a)(6); (3) violation of California Civil Code § 2924.17; (4) violation of California's Unfair Competition Law—California Business and Professional Code §§ 17200 *et seq.*;[1] (5) breach of the covenant of good faith and fair dealing; (6) declaratory relief; and (7) cancellation of written instruments.  Defendants argue that none of Plaintiffs' claims survive 12(b)(6) scrutiny and advance multiple arguments in support of this contention.  Because Defendants' arguments regarding judicial estoppel and the theory that Plaintiffs' claims are the sole property of the 2008 bankruptcy estate have the potential to dispose of the entire case, the Court addresses these arguments first.

### A. Judicial Estoppel and Plaintiffs' Claims as Property of the Bankruptcy Estate

Defendants first argue that Plaintiffs should be judicially estopped from asserting any of the FAC's claims or, in the alternative, that Plaintiffs lack standing to pursue the claims because they initially comprised part of and now remain sole property of the bankruptcy estate, thus making the Chapter 7 trustee the only person with standing to prosecute Plaintiffs' claims. (Defs.' Mem. of P&A in Supp. of MTD ("Def.'s Supp.") 4–6.)  These two arguments hinge on a common theory: Plaintiffs knew or should have known of the instant claims at the time of their 2008 bankruptcy filings.  (*Id.*); *see Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 784 (9th Cir. 2001) (noting that a bankruptcy debtor must disclose all assets and liabilities, including claims where "the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy"); *In re JZ L.L.C.*, 371 B.R. 412, 418 (B.A.P. 9th Cir. 2007)

---

[1] Plaintiffs' caption to the FAC lists claim four as "violation of California Bus. & Prof. Code § 17200 et. seq. <u>& 17500 et seq.</u>" (FAC 1 (emphasis added).)  However, the corresponding section of Plaintiffs' FAC lists and discusses only Defendants' alleged violations of California Business and Professional Code § 17200 *et seq.*  (*Id.* at 14–15.)  Accordingly, to the extent Plaintiffs assert any claim under California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.*, such a claim is currently invalidly pled.

(noting that "property of the estate that is not scheduled and not otherwise administered before a case is closed is not abandoned to the debtor at the time of closing, but rather remains property of the estate—forever"). Defendants argue that applying such a theory is appropriate here because Plaintiffs' claims all rely on the same alleged predicate fact that "the loan was not timely sold to the Trust," and, because the closing date of the trust was August 30, 2005, the defect in the transfer of the Loan occurred, if ever, well before Plaintiffs filed the Bankruptcy petition. (Def.'s Supp. 5.) Thus, Plaintiffs knew or should have known of the defective transfer by 2008—approximately three years after the allegedly invalid transfer occurred.

However, it appears that Plaintiffs allege in part that "the Assignment purporting to transfer beneficial interests to USBANK as trustee . . . occurred well after the Closing Date of the Securitized Trust," "on or around October 2, 2013," and that therefore the assignment "is VOID." (*See* FAC ¶¶ 15, 72–73.) To the extent this correctly characterizes Plaintiffs' argument, Defendants' theory thus fails because Plaintiff could not possibly have known in 2008 that Defendants would later allegedly illegally assign the beneficial interest. To the extent this incorrectly characterizes Plaintiffs' argument, *see id.* ¶¶ 28–30 (seemingly arguing, per Defendants' characterization, that the requirements of the PSA were not met as of the 2005 closing date), the complaint nonetheless contains insufficient factual material for the Court to infer that Plaintiff in 2008 had or should have had knowledge of the relevant claims such that dismissal of Plaintiff's claims would now be warranted under Defendant's expansive and preclusive theory. *See Hamilton*, 270 F.3d at 784 (explaining that legal claims are encompassed by bankruptcy disclosure requirements only when "the debtor has knowledge of <u>enough facts</u> to know that a potential cause of action exists during the pendency of the bankruptcy" (emphasis added)). In short, taking the allegations under either interpretation in the light most favorable to the Plaintiffs, Defendants' arguments here fail.

The Court next turns to Defendants' second-most-expansive argument: that Plaintiffs lack standing to challenge the loan assignment.

### B. Standing

Defendants argue that Plaintiffs lack standing to challenge the validity of the allegedly wrongful assignment because in the pre-foreclosure context "an unrelated third party to [an] alleged securitization . . . lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions." (MTD 7 (quoting *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th, 497, 515 (2013)); *accord Christie v. Bank of New York Mellon, N.A.*, 617 F. App'x 680, 681 (9th Cir. 2015).) Plaintiffs urge that a recent California Supreme Court case, *Yvanova v. New Century Mortgage Corp.*, 365 P.3d 845 (Cal. 2016), and its progeny alter the legal landscape so as to provide Plaintiffs standing in this pre-foreclosure context. (Pl.'s Opp'n 9–11.) Although the *Yvanova* Court explicitly noted that "the use of a lawsuit to preempt a nonjudicial foreclosure . . . is not within the scope of our review," 934 P.3d at 855, Plaintiffs assert that "[i]t is becoming ever so clear that *Yvanova* is currently being applied to pre-foreclosure matters," (Pl.'s Opp'n at 11.) Plaintiff's Opposition cites three California cases that, when the Opposition was filed, had recently been remanded by the California Supreme Court with directions to the Appellate Divisions to reconsider their holdings in light of *Yvanova*. After reviewing these cases, the Court agrees with Defendants that Plaintiffs lack pre-foreclosure standing to challenge the validity of the assignment under the PSA.

As an initial matter, Plaintiffs' citations to *Castro v. IndyMac INDX Mortgage Loan Trust 2005-AR21*, Super. Ct. No. INC1302920, 2015 WL 3562455 (Cal. Ct. App. June 9, 2015), and *Mendoza v. JPMorgan Chase Bank,* 228 Cal. App. 4th 1020 (2014), are misplaced—both cases concerned suits brought <u>post</u>-foreclosure. *See Castro*, 2015 WL 3562455, *1 ("Plaintiff and appellant Robert J. Castro was the owner of a La Quinta residence, which was sold in a statutory nonjudicial foreclosure sale . . . in May 2013, after Castro defaulted on his mortgage payments in 2008."); *Mendoza*, 228 Cal. App. 4th at 1023 ("In this case, we examine issues arising from plaintiff Maria Mendoza's purchase of a home with proceeds of a loan secured by a deed of trust, and the subsequent loss of the

home in a nonjudicial foreclosure sale."). Further, the only one of Plaintiff's cited cases that was indeed brought in the pre-foreclosure context has now been reconsidered by the Second District of the California Court of Appeals and the resulting opinion holds that *Yvanova* is <u>not</u> to be extended to the pre-foreclosure context. *Keshtgar v. U.S. Bank, N.A.*, 2d-cv-B246193, 2016 WL 4183750 (Cal. Ct. App. Aug. 8, 2016) ("*Gomes* and *Jenkins* state valid reasons why such a preemptive action is not allowed. Nothing in *Yvanova* affects the holding in those cases. In fact, *Yvanova* is quite careful to limit its holding to actions for wrongful foreclosure."). And the *Keshtgar* opinion does not stand alone; *Saterback v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808 (2016), another case remanded by the California Supreme Court due to the *Yvanova* decision, also refused to extend *Yvanova* to the pre-foreclosure context, *id.* at 815.

In sum, Plaintiffs lack standing in the pre-foreclosure context to challenge the validity of any assignment of the underlying Loan. Because Plaintiffs first, second, third,[2] fourth, fifth, and seventh claims for relief all rely on Plaintiffs' ability to challenge the validity of this assignment, (FAC ¶¶ 72–74, 76, 87–88, 98, 103–04, 107–08, 112–13, 120–21, 130–31, 135–38; *see also* Pl.'s Opp'n 9–18), all of these claims are **DISMISSED WITH PREJUDICE** unless and until Plaintiffs' property is nonjudicially foreclosed upon. Finally, Plaintiffs' sixth claim for declaratory relief expressly relies on Plaintiffs' other claims, (FAC ¶¶ 124–27; *see also* Pl.'s Opp'n 16–17), and accordingly is also **DISMISSED WITH PREJUDICE** unless and until Plaintiffs' property is nonjudicially foreclosed upon.

/ / /

/ / /

---

[2] Plaintiffs arguably assert another discrete factual predicate for this claim, alleging that Defendants "fail[ed] to put the correct amount owed in the Notice of Default." (FAC ¶ 105.) However, nowhere in the Complaint do Plaintiffs note the correct or incorrect amount owed nor the manner in which Defendants failed to review competent and reliable evidence to substantiate the borrower's default and the right to foreclosure. Accordingly, this arguably discrete factual predicate falls well short of meeting the plausibility standard set forth in *Twombly* and *Iqbal*.

## CONCLUSION

Because Plaintiffs lack standing to challenge the validity of the underlying assignment of the Loan to the Deed of Trust, and because all of Plaintiffs' claims at least partially rely on such challenge, all of Plaintiffs' claims are **DISMISSED WITH PREJUDICE** unless and until Plaintiffs' property is nonjudicially foreclosed upon.

**IT IS SO ORDERED.**

Dated: November 15, 2016

Hon. Janis L. Sammartino
United States District Judge